STATE of Delaware

v.

Ronald PAYNE.

Superior Court of Delaware, New Castle.

Nov. 14, 1974.

Peter J. Bosch, Deputy Atty. Gen., for the State of Delaware.

L. Vincent Ramunno, Wilmington, for defendant.

STIFTEL, President Judge.

Motion to dismiss two counts of criminal contempt in violation of 11 Del.C. § 1271(1).

Count One states that Ronald Payne, on or about the 29th of January, 1974, committed "contemptuous behavior in the immediate view of Judge Robert C. O'Hara and in his presence, said behavior directly tending to interrupt the Court proceedings, by means of spitting upon the person of Judge O'Hara during the course of the trial of Criminal Action No. 779 of 1973."

Count two charges that Ronald Payne, on the 16th of January, committed "contemptuous behavior in the immediate view of Judge Robert C. O'Hara and in his presence, said behavior directly tending to interrupt the Court proceedings by means of stating in open Court during the trial of Criminal Action 779 of 1973 to Judge O'Hara: 'I will intimidate you . . . remove me;' 'No difference, pig, because you ain't said nothing;' and in his presence, 'I am talking to this pig,' 'you are lacking, pig,' 'keep your motherfucking hands off me, pig'."

Defendant herein contends that his actions are protected by the right of free speech guaranteed by the First and Fourteenth Amendments to the United States Constitution. The cases he cites in support of this proposition are inapposite. None of them involve activity, inside the courtroom, which constitutes an affront to the decorous atmosphere of the courtroom proceeding. Although criticism of a judge, or other public officer, in the performance of his duties is within the purview of the right of free speech guaranteed by the First and Fourteenth Amendments, as demonstrated by the preponderance of cases

defendant cites, it is not permissible to revile a judge during courtroom proceedings. See Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971).

> "The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated."

Illinois v. Allen, 397 U.S. 337, 343, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353 (1970).

Motion denied.

It is so ordered.